Mr. Justice Van Orsdel
delivered the opinion of the Court
Appellant, David J. Simon, otherwise known as David Cohen, otherwise known as Joseph Simon, otherwise known as-Samuel Marks, otherwise known as Samuel Hayes, otherwise known as Moses D. Simon, otherwise known as Ed Simmons,, otherwise known as Sheeny Dave, was convicted in the supreme court of the District of Columbia of the crime of forgery. A motion in arrest of judgment was filed challenging the sufficiency of the indictment. From the action of the-court in denying the motion, this appeal was taken.
No bill of exceptions appears in the record. Hence the-sole question presented is the sufficiency of the indictment. The indictment charges the appellant with falsely making and-forging certain travelers’ checks, set out in the indictment.. In the motion in arrest, the indictment is attacked upon numerous grounds, but in the brief of counsel for appellant, the-only objection urged is that it does not charge appellant in. the language of the statute with falsely making or altering the-instruments mentioned.
Sec. 843 of the District Code [31 Stat. at L. 1326, chap.. 854] defines the crime of forgery as follows: “Whoever, with., intent to defraud or injure another, falsely makes or alters-any writing of a public or private nature, which might operate-to the prejudice of another, or passes, utters, or publishes, or attempts to pass, utter, or publish as true and genuine, any' paper so falsely made or altered, knowing the same to be false- or forged, with the intent to defraud or prejudice the right of another, shall be imprisoned for not less than one year nor-more than ten years.”
It will be observed that the statute provides that the crime-of forgery may be committed either by falsely making an instrument or by falsely altering it, with intent to defraud another. Safe pleading would suggest the charging of both of *282 •fenses in the indictment, but the pleader may elect to charge but one, as in this case, and, if the evidence sustains the offense as charged, it will be sufficient. It matters not that at ,.common law the charge of falsely making an instrument was .held to include the offense of falsely altering it, since they are disjunctively named in the statute as distinct ways in which -the crime of forging may be committed. Forgery is a statutory, and not a common-law, crime in this District, and the •offense must be charged as defined in the statute, irrespective -of common-law rules of pleading.
The indictment charges the false making of the alleged instrument. In the absence of a bill of exceptions, it will be presumed that the evidence was sufficient to sustain this charge. Nothing remains for us but to affirm the judgment and it is rSo ordered. Affirmed.